CARMEN, known as HILDA VÁZQUEZ, Plaintiff and Appellant, *v.* HEIRS OF DOMINGO SOTO ALMODÓVAR, Defendants and Appellees.

No. R-65-218.    Decided June 27, 1966.

*Carlos D. Vázquez* for appellant. *Carlos García Méndez* for appellees.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

On October 5, 1965, the Superior Court of Puerto Rico, Mayagüez Part, rendered the following judgment: "1—The above-entitled plaintiff was born on October 23, 1923, and on November 27, 1964, when she filed the present complaint, she was forty one years, one month, and four days old; 2—Defendants' predecessor died on March 26, 1962 and the filiation complaint was filed on November 27, 1964, two years, eight months, and one day subsequent to the death

of plaintiff's presumptive father; 3—Section 126 of the Civil Code of Puerto Rico (31 L.P.R.A. § 505) establishes that the actions for the recognition of natural children can only be established during the life of the presumptive parents, or a year beyond their death, except where the father or mother shall have died during the minority of the child, in which case the child may bring his action before the first four years of his having attained his majority shall have elapsed; 4—In the present case at the time plaintiff filed the above-entitled case she had attained her majority twenty years before, that is, the term of four years after she had attained her majority had long elapsed, and the action was not filed within one year of the presumptive father's death, but two years, eight months, one day after his death. Where in a filiation complaint it appears from its own face that the suit was not timely filed or established, the plea of prescription may be alleged or brought by means of a motion for dismissal." In view of the conclusions of fact and of law aforestated, judgment was rendered dismissing the complaint on the ground of prescription.

In her petition for review in this Court, plaintiff-appellant assigns the following errors:

1—The Superior Court erred in applying the provisions of § 126 of the Civil Code to this case, since said provisions, as it clearly appears from the text, have a limitation period for the natural children but not for the adulterine children to claim filiation. 2—The trial court erred in failing to decide that plaintiff's filiation action, by reason of her being an adulterine daughter and failing to have a special term of prescription, prescribes, pursuant to the provisions of § 1864 of the Civil Code, fifteen years after the date when, for the first time since her birth, her filiation right as well as her right to inherit from her father, were acknowledged. 3—The trial court erred in failing to decide that § 126 of the Civil Code is unconstitutional in discriminating in favor of the legitimate children by fixing a shorter term for filiation claims of the natural and adulterine

children than that granted by law to the former for identical purpose.

1–3. Section 126 of the Civil Code of Puerto Rico is generally applicable to all children born out of wedlock since the year 1942, whether they are natural or adulterine, because even before the constitutional reform of 1952, by virtue of Act No. 229 of May 12, 1942, as amended by Act No. 243 of May 12, 1945, all the children born out of wedlock were declared natural children, irrespective of the fact that their parents could or could not have married each other at the time of the children's conception.

Section 126 of the Civil Code of Puerto Rico was not affected by the Constitution of the Commonwealth of Puerto Rico of 1952, because said section does not add or detract any right whatsoever to the condition of children born in or out of wedlock. It simply establishes a term of prescription for the optional right of the child born out of wedlock to establish its filiation. Leaving his recognition optional to the child is an old rule of universal Civil Law. The acknowledgment is not always advantageous to the natural or adulterine child, since such declaration generates equally rights and obligations. It should be remembered that in case of a minor, he cannot be recognized without the intervention of the Special Solicitor of the Family Relations Section, and in case of an adult, the latter cannot be recognized without his consent (§ 125 of our Civil Code). It should be remembered also, that in case of legitimate children, generally, there is a contest of paternity, proposition of § 117 of our Civil Code, rather than a designation of paternity.

As to the nature, effects, and applicability of the principle of prescription to filiation actions, pursuant to § 126 of the Civil Code of Puerto Rico there is nothing to add to the elaborate study we made of the same matter in *Ortiz Rivera* v. *Heirs of González Martínez, ante*, p. 549. The errors

assigned were not committed, and the judgment rendered will be affirmed.

Mr. Justice Hernández Matos shall file an explanatory vote in due time.